IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICKY D. GREEN, | Case No. 4:19-cv-1267 |
| Petitioner, | JUDGE BENITA Y. PEARSON |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| DOUGLAS FENDER, WARDEN, | |
| Respondent. | **REPORT AND RECOMMENDATION**[1] |

Ricky D. Green, through a written plea agreement, pleaded guilty to one count of murder with a firearm specification. A Trumbull County, Ohio, Common Pleas Court judge accepted Green's plea and sentenced him on August 18, 2016 to an aggregate 18-year to life sentence. On June 3, 2019, Green, pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising one ground for relief. ECF Doc. 1. Specifically, Green asserts:

> **GROUND ONE:** Appellant was denied effective assistance of counsel in violation of amendments VI and XIV, of the United States Constitution and Article I, Section 10, of the Ohio Constitution.
>
> **Supporting Facts:** Trial counsel provided Ineffective Assistance in violation of the aforementioned Constitutional requirements when he failed to conduct a "Reasonable Investigation" to determine the proper defense for his client.

ECF Doc. 1 at 5.

---

[1] The matter is before the undersigned by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Green's petition or other case-dispositive motions.

Respondent Warden Douglas Fender filed an answer/return of writ contending that Green's claim failed on the merits. ECF Doc. 9. Green filed a traverse. ECF Doc. 10. Green is currently incarcerated at Grafton Correctional Institution.[2]

Because Green's claim is meritless, I recommend that his claim be DISMISSED and his petition for writ of habeas corpus be DENIED.

## I. State Court History

### A. Trial Court Proceedings

#### 1. Indictment and Plea Agreement

On January 22, 2016, a Trumbull County, Ohio grand jury issued an indictment charging Green with murder with a firearm specification. ECF Doc. 9-1 at 4-5.

On August 2, 2016, through a written plea agreement, Green pleaded guilty to the indictment. ECF Doc. 9-1 at 6-11. The plea agreement informed Green that he was subject to an indefinite term of 15 years to life in prison for the murder charge and a consecutive three-year term for the firearm specification. ECF Doc. 9-1 at 7. The plea agreement also explained that, by entering a guilty plea, Green understood that:

> I may only be able to appeal the imposition of a maximum sentence of other procedural issues regarding this plea. I also understand my other limited appellate rights that have been explained to me by the Court and that I must file an appeal within thirty (30) days of my sentence.

ECF Doc. 9-1 at 10. Further, the agreement provided that that the state and Green would jointly recommend an aggregate sentence of 18 years to life, based on the statutory range. ECF Doc. 9-1 at 9-10.

---

[2] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A690166 (last visited Feb. 25, 2022).

### 2. Joint Plea and Sentencing Hearing

On August 2, 2016, a joint plea and sentencing hearing was held. ECF Doc. 9-1 at 196. The trial court reviewed the indictment and what legal elements the state would be required to prove beyond a reasonable doubt, all of which Green confirmed he understood. ECF Doc. 9-1 at 198-199. Green also confirmed that he understood that there was only one possible penalty on the murder charge: 15 years to life in prison and up to a $15,000 fine; and a 3-year term of imprisonment to be served consecutive to the term for the principal offense. ECF Doc. 9-1 at 199. He further confirmed that he and the state were jointly recommending an aggregate term of imprisonment of 18 years to life. ECF Doc. 9-1 at 201. The trial court also reviewed the trial rights Green would waive by entering into the plea agreement, which Green confirmed he understood. ECF Doc. 9-1 at 201-202.

Green confirmed that his attorney had reviewed the plea agreement with him, that he understood it, that he did not have any questions about it, and that he had signed it freely and voluntarily. ECF Doc. 9-1 at 202-203. Green also stated that he was satisfied with his attorney's representation. ECF Doc. 9-1 at 204. Green then formally entered his guilty plea and the state provided the factual basis for the plea:

> [H]ad this matter proceeded to trial, the State would have shown with respect to the sole count and the specification that on or about the date referenced in the Indictment, the Defendant shot and killed his wife, Janell Green, in the home located at [home's street address]. The Defendant then called 911 and spoke to a neighbor prior to the arrival of the paramedics and the Sheriff's Department. The State would have presented testimony from the Sheriff's deputies who investigated this case, the neighbor who spoke to the Defendant, the 911 operator, and two individuals at the hospital where the Defendant was taken where he made admissions to those individuals as well.

ECF Doc. 9-1 at 204-205. The trial court accepted the factual basis and found that Green knowingly, intelligently, and voluntarily entered the plea. ECF Doc. 9-1 at 205.

Transitioning to the sentencing portion of the hearing, Green addressed the court and explained that he had loved his wife but, on his learning about her lover, she began tormenting him and telling him she hoped he would die. See ECF Doc. 9-1 at 205-208. Eventually, she threatened to kill him, at which point he grabbed a gun and "it went off." ECF Doc. 9-1 at 207-208. The trial court then sentenced Green in accordance with the joint recommendation and, on August 18, 2016, issued a judgment reflecting the sentence. ECF Doc. 9-1 at 13-15, 212-213.

### B. First Delayed Appeal

On November 3, 2016, Green, pro se, filed a notice of appeal of his August 18, 2016 judgment of conviction and a motion for leave to file a delayed appeal. ECF Doc. 9-1 at 16, 24. The state opposed the request to pursue a delayed appeal. ECF Doc. 9-1 at 29. Green filed a reply brief. ECF Doc. 9-1 at 42. On January 17, 2017, the Ohio Court of Appeals dismissed Green's appeal as untimely. ECF Doc. 9-1 at 50.

Green, pro se, filed a notice of appeal of the January 17, 2017 Ohio Court of Appeals judgment to the Ohio Supreme Court on January 31, 2017. ECF Doc. 9-1 at 51-52. The state opposed Green's motion in support of jurisdiction. ECF Doc. 9-1 at 68. On May 31, 2017, the Ohio Supreme Court declined to accept jurisdiction. ECF Doc. 9-1 at 77.

### C. Second Delayed Appeal

#### 1. Ohio Court of Appeals

On August 7, 2017, Green, pro se, filed a second notice of appeal of his August 18, 2016 judgment of conviction and a motion for leave to file a delayed appeal. ECF Doc. 9-1 at 78, 86. The state opposed the request to pursue a delayed appeal. ECF Doc. 9-1 at 94. On October 6, 2017, the Ohio Court of Appeals granted Green leave to appeal. ECF Doc. 9-1 at 99-101.

4

On December 12, 2017, the state filed an amended motion to dismiss Green's delayed appeal because he had yet to file a merits brief, which was now untimely. ECF Doc. 9-1 at 105-106. On February 5, 2018, Green's appointed counsel moved to withdraw, asserting there was no assignment of error he could raise that would arguably be supported on appeal. ECF Doc. 9-1 at 107. The state waived its submission of an answer. ECF Doc. 9-1 at 112.

The Ohio Court of Appeals granted Green leave to file a submission in response to his appellate counsel's motion to withdraw on February 13, 2018. ECF Doc. 9-1 at 115-116. On February 16, 2018, the Ohio Court of Appeals overruled the state's motion to dismiss based on the filing of appellate counsel's brief. ECF Doc. 9-1 at 117.

On March 16, 2018, Green, pro se, filed a response to his counsel's motion to withdraw and a brief on the merits, in which he raised one assignment of error:

> First Assignment of Error:
> Appellant was Denied Effective Assistance of Counsel in Violation of Amendments VI and XIV, of the United States Constitution and Article I, Section 10, Ohio Constitution

ECF Doc. 9-1 at 122. Green contended that his trial counsel provided ineffective assistance by (1) advising him to enter into a plea agreement the terms of which were "without any compensation for his guilty plea," (2) failing to file a motion to suppress the confession from his custodial interrogation, and (3) failing to investigate his mental health at the time of the events. See ECF Doc. 9-1 at 122-130. The state filed a brief in opposition. ECF Doc. 9-1 at 132.

In a decision and journal entry filed on September 4, 2018, the Ohio Court of Appeals overruled Green's assignment of error and affirmed his conviction. ECF Doc. 9-1 at 146-153. The Ohio Court of Appeals directly confronted Green's Ground One claim, stating:

> {¶14} [C]ounsel asserts, "[t]he record does not show ineffective assistance of counsel[,]" and "[t]here was no issue as to whether appellant's plea was knowingly, intelligently, and voluntarily made." Appellant, in his pro se brief, assigns the following proposed error:

5

{¶15} "Appellant was denied effective assistance of counsel, in violation of Amendments VI and XIV, of the United States Constitution and Article I, Section 10, Ohio Constitution."

{¶16} We shall address counsel's and appellant's points together.

{¶17} A properly licensed attorney is presumed effective in his or her representation of a defendant. *State v. Smith*, 17 Ohio St.3d 98, 100 (1985). In order to prevail on an ineffective assistance of counsel claim, a petition must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (184). *State v. Ziefle*, 11th Dist. Ashtabula No. 2007-A-0019, 2007-Ohio-5621, ¶9.

{¶18} As a general proposition, the Supreme Court of Ohio has stated that a guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). Thus, if a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea. *Id.*

{¶19} For purposes of an ineffectiveness claim in relation to a plea of guilty, an appellant must demonstrate that counsel's alleged deficient performance "caused" the plea to be less than knowing and voluntary." *State v. Haynes*, 11th Dist. Trumbull No. 93-T-4911, 1995 WL 237075, *2 (Mar. 3, 1995), quoting *State v. Barnett*, 73 Ohio App.3d 244, 248-249 (2d Dist. 1991). "Put differently, an appellant's plea of guilty waives his or her right to assert an ineffective assistance claim unless counsel's errors affected the knowing and voluntary character of the plea." *State v. Petway*, 11th Dist. Lake No. 2016-L-084, 2017-Ohio-7954, ¶11, citing *State v. Hill*, 10th Dist. Franklin No. 10AP-634, 2011-Ohio-2869, ¶15, citing *Spates, supra*.

{¶20} Appellant contends counsel was ineffective because he failed to perform an adversarial function during the course of the plea negotiations and for failing to file a motion to suppress evidence. Appellant, however, neither argues his plea was not knowing and voluntarily entered, nor contends counsel's alleged deficiencies caused his plea to be so entered.

[The Ohio Court of Appeals quoted a portion of the trial court's plea colloquy with Green, in which the court discussed whether Green understood what the state would have to prove if he did not plead guilty, the trial rights he was waiving, the details of the plea agreement, whether he was satisfied with his attorney, and whether he signed the plea agreement freely, voluntarily, and without any threats or promises made against him to sign the document – all of which he positively affirmed].

6

> {¶49} The court subsequently requested a factual basis from the state, allowed appellant to speak on his own behalf, and accepted appellant's plea. There is nothing to suggest appellant's plea was not entered knowingly and voluntarily or that counsel's acts or omissions caused appellant to so enter the plea. Further, appellant's argument that counsel was ineffective due to his failure to file a motion to suppress is unavailing. Appellant's plea of guilty did not result from unsuppressed evidence, but from appellant's admission to the facts in the indictment. Hence, appellant cannot establish prejudice under *Strickland*. *State v. Bregitzer*, 11th Dist. Portage No. 2012-P-0033, 2012-Ohio-5586, ¶17, citing *State v. Fitzgerald*, 2nd Dist. Greene No. 2001-CA-124, 2002-Ohio-3914, ¶44.
>
> {¶50} Appellant's proposed assignment of error is without merit.

ECF Doc. 9-1 at 150-153.

### 2. Ohio Supreme Court

Green, pro se, filed a notice of appeal to the Ohio Supreme Court on October 17, 2018. ECF Doc. 9-1 at 155-156. He also filed a memorandum in support of jurisdiction asserting the following proposition of law:

> Proposition of Law No. I:
> Appellant was denied effective assistance of counsel in violation of Amendments VI and XIV, of the United States Constitution and Article I, Section 10, Ohio Constitution.

ECF Doc. 9-1 at 161. The state opposed Green's memorandum in support of jurisdiction. ECF Doc. 9-1 at 181. The Ohio Supreme Court declined to accept jurisdiction on December 28, 2018. ECF Doc. 9-1 at 195.

## II. Applicable Legal Standards

Because the Ohio Court of Appeals addressed Green's ineffective-assistance-of-counsel arguments on the merits, Green's Ground One claim is subject to the deferential reasonableness standard under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 124 ("AEDPA"). *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021) (Mar. 29, 2021) (*per curiam*). Under AEDPA, habeas relief is available only when the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Unreasonable" doesn't mean simply "erroneous" or that the petitioner has "a strong case for relief." *Mays*, 141 S. Ct. at 1149 (citing *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (AEDPA deference imposes a "substantially higher threshold" than whether a state court decision was correct). It means that the "decision 'was so lacking in justification . . . beyond any possibility for fair minded disagreement'" that it resulted in an "'extreme malfunction[] in the state criminal justice system.'" *Mays*, 141 S. Ct. at 1149 (citing *Harrington*, 562 U.S. at 102-03).

### III. Analysis

Green contends that his trial counsel provided ineffective assistance by failing to adequately advise him as to his decision to plead guilty. ECF Doc. 1-1 at 3, 6. He asserts that his counsel advised him into enter into a plea agreement the term of which were "without any compensation for his guilty plea." ECF Doc. 1-1 at 6. Green appears to argue that his counsel's advice rendered his guilty plea less than knowing, intelligent, and voluntary because "the indictment and facts clearly indicate that the statute could only charge Green with the aforementioned charge which included the maximum penalty," and having him plead guilty to the "maximum charge that included the maximum penalty" was not a reasonable strategic decision." *See* ECF Doc. 1-1 at 6-7. Further, he contends that his trial counsel was ineffective because he failed to investigate his case and serve an adversarial function, specifically, failing to move to suppress his custodial interrogation and failing to investigate his mental health concerns. ECF Doc. 1-1 at 7-13.

8

Warden Fender contends that Green's ineffective assistance of counsel claim is without merit. ECF Doc. 9 at 9-15. He argues that Green waived his claim that his counsel was ineffective for failing to investigate his case by entering a guilty plea pursuant to a written plea agreement. ECF Doc. 9 at 9-12. Accordingly, he asserts, Green may only challenge his guilty plea on the basis that it was not knowing and voluntary, which the record does not support. ECF Doc. 9 at 12-15. As to the motion to suppress, Warden Fender also argues that such contentions cannot undermine Green's guilty plea because he has no evidentiary support, and it is not clear whether the confession would have been necessary to obtain a guilty verdict. ECF Doc. 9 at 15.

Green generally reiterates his arguments in his traverse, adding that to protect his due process rights, he was entitled to effective assistance of counsel. ECF Doc. 10 at 3-15.

To prevail on his ineffective assistance claim, Green must show that the state court's conclusion was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* establishes the well-known two-pronged test for ineffective assistance of counsel claims: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Id.* at 687.

The proper standard for attorney performance is "reasonably effective assistance." *Id.* Green must show that his attorney's "representation fell below an objective standard of reasonableness." *Id.* at 688. Furthermore, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689.

To establish prejudice under *Strickland*, the habeas petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding

9

would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2021) (quoting *Strickland*, 466 U.S. at 694). In the context of guilty pleas, this means that a petitioner challenging a guilty plea must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Cooper*, 566 U.S. at 163 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The Ohio Court of Appeals' denial of Green's Ground One claim was neither contrary to nor an unreasonable application of *Strickland*. 28 U.S.C. § 2254(d). The court explicitly cited the two-prong *Strickland* standard and focused its analysis on the prejudice standard. ECF Doc. 9-1 at 150-151. And the court reasonably concluded that Green had not established prejudice arising from his counsel's alleged failures. ECF Doc. 9-1 at 151-153. The Ohio Court of Appeals determined that Green could not show prejudice because he failed to connect his counsel's alleged failure to obtain better plea agreement terms, file a suppression motion, or investigate his mental health to his decision to plead guilty. ECF Doc. 9-1 at 151-153.

This was a reasonable finding. Before this court, as before the Ohio Court of Appeals, Green has not directly contended that the entry of his guilty plea was not knowing, voluntary, or intelligent. *See generally* ECF Doc. 1-1; ECF Doc. 9-1 at 118-131. Rather, he indirectly argues that his counsel's ineffective assistance rendered it "less than" knowing, intelligent, or voluntary, without specifying how. *See e.g.*, ECF Doc. 1-1 at 6-7; ECF Doc. 9-1 at 124-125. At best, Green insinuates that he received the statutory maximum in his sentencing and that his counsel failed to advocate for him in achieving a benefit for him in pleading guilty *See* ECF Doc. 1-1 at 6-7. Although the Ohio Court of Appeals did not specifically address this contention, it did extensively review the details of Green's plea hearing and how he confirmed that he understood the details of the plea agreement-including that he was being sentenced to an aggregate term of

10

18-years' to life imprisonment. *See* ECF Doc. 9-1 at 151-153. Because Green makes no contention as to why he would think the range given at the sentencing hearing was somehow erroneous, the Ohio Court of Appeals reasonably concluded that Green failed to establish how this error "caused" his plea to be less than knowing or voluntary. *Mays*, 141 S. Ct. at 1149; *Cooper*, 566 U.S. at 163. It bears mention that Green was not given a "maximum" sentence on either the murder charge or the firearm specification. Rather he was given the only sentence that Ohio law provides for each of those charges. For murder, the only sentence he could receive, as the trial judge stated, was an indefinite term of 15 years to life in prison. And the only sentence he could receive for the firearm specification was a consecutive three-year sentence. Each of these sentences was mandatory (required by law) and the order to serve them consecutively was also mandatory. Thus, Green's claim that he got a "maximum" sentence is also misplaced factually and legally, and his lawyer did not fail to meet any requirement arising from the court's imposition of mandatory sentences.

Likewise, the Ohio Court of Appeals reasonably found that Green had failed to establish that his remaining contentions regarding a suppression motion and his mental health affected the knowing, voluntary, or intelligent nature of his plea. ECF Doc. 9-1 at 151-153. The lack of connection between these asserted errors and his guilty plea was evident from Green's filings before the Ohio Court of Appeals and his nearly identical filings before this Court. *See generally* ECF Doc. 1-1; ECF Doc. 9-1 at 122-130. Moreover, the Ohio Court of Appeals noted that the unsuppressed evidence played no role in Green's conviction because he admitted to the factual basis of his plea and admitted his own guilt. *See* ECF Doc. 9-1 at 153. This was a reasonable rejection of Green's argument because of his failure to allege that the custodial interrogation played any role in his decision to plead guilty. *Cooper*, 566 U.S. at 163.

Because the state court used the correct rule of law and its decision was not an unreasonable application of that law, federal habeas relief is not available to Green under § 2254(d). *See Mays*, 141 S. Ct. at 1149 (citing *Harrington*, 562 U.S. at 102-03). Accordingly, I recommend that Green's Ground One claim be dismissed on the merits.

**IV.    Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. § 2254. The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253 (c)(2)," Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a §2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *See Cunningham v. Shoop,* 817 F. App'x 223, 224 (6th Cir. Aug 24, 2020). A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell,* 537 U.S. 322, 327, 336 (2003)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If the Court accepts my recommendations, Green will not be able to show that the Court's rulings on his claim is debatable among jurists of reason because Green's Ground One claim is

12

meritless.  Because jurists of reason would not find debatable that relief is not available for Green's claim, I recommend that no certificate of appealability issue in this case.

## V. Recommendation

Because Green's claim lacks merit, I recommend that Green's claim be DISMISSED and that his petition for writ of habeas corpus be DENIED.  I further recommend that Green not be granted a COA.

Dated: March 14, 2022

Thomas M. Parker
United States Magistrate Judge

_____

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

13